NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3767
_____

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY

v.

FRANK LAGROTTA; SYLVAN
HEIGHTS REALTY PARTNERS, LLC;
AMERICARE MANAGEMENT SERVICES, INC.

Sylvan Heights Realty Partners, LLC;
Americare Management Services, Inc.,
Appellants

_____

On Appeal from the District Court
for the Western District of Pennsylvania
D.C. Civil No. 2-11-cv-00457
(Honorable Cathy Bissoon)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2013

Before: SCIRICA, HARDIMAN, VAN ANTWERPEN, *Circuit Judges*

(Filed: June 26, 2013)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge.*

1

The District Court granted summary judgment in favor of State Auto Property & Casualty Insurance Co., concluding that State Auto had no duty to defend and indemnify Frank LaGrotta in an underlying state court action. We will affirm.

I.

Frank LaGrotta is a former member of the Pennsylvania House of Representatives and, during the relevant period, held a State Auto Insurance Policy. The policy provided coverage for "personal and advertising injury," but excluded coverage if the injury was caused "with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

Hill View Manor was a nursing home in LaGrotta's district operated by Lawrence County. The County sought to privatize Hill View, and entered in negotiations with Sylvan Heights Realty Partners, LLC. Due to the pending sale, Hill View's current management company decided to no longer manage Hill View, and the County entered into an agreement with Americare Management Services, Inc., in which Americare agreed to be the interim management company until the sale to Sylvan was finalized.

Sylvan and Americare allege that LaGrotta took actions to intentionally thwart the deal between the County and Sylvan. LaGrotta issued press releases stating that there were improper associations between principals of Sylvan and Americare involving a questionable transfer of funds. LaGrotta also informed the Pennsylvania State Police Commissioner that the Hill View sale was entangled with organized crime. Allegedly due to LaGrotta's actions, the Department of Health withdrew its approval of the sale of Hill View to Sylvan and Sylvan became unable to secure financing. As a result, the County's

deal with Sylvan fell through and the County reneged on its agreement with Americare.

Sylvan and Americare brought a state court action against LaGrotta asserting claims for tortious interference with contractual and prospective contractual relationships. The state court complaint alleged that LaGrotta acted "with the intent to convince [the County and Health Department] to withdraw their approval of the prospective sale." LaGrotta asked State Auto to defend and indemnify him under his insurance policy.

State Auto brought the instant federal action against LaGrotta, Sylvan, and Americare, seeking a declaratory judgment that it has no duty to defend or indemnify LaGrotta in the state court action. The case was referred to a Magistrate Judge and State Auto moved for summary judgment. The Magistrate Judge concluded the policy excludes coverage for actions taken with an intent to cause harm and that the state court complaint against LaGrotta alleged that he intended to thwart the deal between the County and Sylvan. The Magistrate Judge therefore recommended that State Auto's motion for summary judgment be granted. The District Court granted the motion, adopting the Magistrate Judge's recommendations in whole. Sylvan and Americare timely appealed.[1]

## II.[2]

Sylvan and Americare first contend the court erred by denying their motion to dismiss State Auto's motion for summary judgment. When State Auto filed its motion for summary judgment, it failed to include a separate statement of material facts, as required

---

[1] LaGrotta did not file an appeal.

[2] The District Court had jurisdiction of this diversity action under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. The parties agree Pennsylvania law applies.

3

by the Local Rules of the Western District of Pennsylvania. When Sylvan and Americare moved to dismiss State Auto's motion on this ground, State Auto requested leave to file a statement of facts, explaining that because the only relevant evidence in the record was the insurance policy and the state court complaint, it did not think it needed to file a separate statement of material facts. The next day, the Magistrate Judge granted State Auto's motion for leave to file a statement of facts, and State Auto merely relabeled the exhibits it attached to its motion for summary judgment as a statement of material facts.

We review a district court's decision to depart from its local rules for abuse of discretion. *See United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 214-15 (3d Cir. 2000). "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.* at 215. Additionally, the Local Rule at issue provides that a court may decline to follow it "based on the particular facts and circumstances of the individual action." W.D. Pa. LCvR 56(A).[3]

As the Magistrate Judge explained, there is no disagreement about the underlying facts of the case. The relevant record consists only of the insurance policy and the state action complaint. Additionally, Sylvan and Americare have not argued they suffered any prejudice as a result of State Auto's failure to file a statement of material facts. They

---

[3] Sylvan and Americare argue the court effectively extended the deadline for filing the summary judgment motion, and thus the issue should be analyzed under Fed. R. Civ. P. 6(b), which pertains to the extension of deadlines. We disagree and, like the lower court, consider the issue to be whether strict compliance with the local rule was required.

4

were still able to file a complete and timely response to State Auto's motion for summary judgment. Accordingly, we see no abuse of discretion.

III.

Sylvan and Americare next contend the court erred in granting State Auto's motion for summary judgment. They argue the policy is ambiguous about whether it excludes coverage for intended harm. Alternatively, they contend the state action complaint alleges recklessness, so the exclusion does not apply.[4]

A.

The policy provides coverage for "personal and advertising injury," which the parties appear to agree encompasses the injuries asserted in the state court complaint. The policy excludes coverage for personal and advertising injuries "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" The policy later explains that personal and advertising injury arises from, *inter alia*, false arrest, malicious prosecution, wrongful eviction, slander and libel, invasions of the right of privacy, and use of another's advertising idea or copyright in an advertisement.

Sylvan and Americare contend that the definition of personal and advertising injury creates an ambiguity because it defines such injury with examples of intentional torts. Accordingly, they argue, the policy cannot be understood as unambiguously barring

---

[4] We review the grant of summary judgment de novo, drawing all inferences in favor of the nonmoving party. *N.J. Transit Corp. v. Harsco Corp.*, 497 F.3d 323, 326 (3d Cir. 2007). Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

coverage for intentional conduct. We disagree. The exclusion is not inconsistent with the definition of "personal and advertising injury," as the definition is not limited to intentional torts. For example, defamation can be based on negligence. *See Rutt v. Bethlehems' Globe Publ'g Co.*, 484 A.2d 72, 83 (Pa. Super. Ct. 1984). Additionally, "[t]he courts of Pennsylvania have refused to require an insurer to defend an insured for his own intentional torts and/or criminal acts" because it would be against public policy. *Germantown Ins. Co. v. Martin*, 595 A.2d 1172, 1175 (Pa. Super. Ct. 1991). Accordingly, the policy excludes coverage for intended harm.

B.

Sylvan and Americare next argue that the state court complaint alleges recklessness in addition to intentional conduct, so the exclusion does not apply and State Auto is required to defend and indemnify LaGrotta. Under Pennsylvania law, the duty to defend is determined solely by the allegations contained within the four corners of the complaint. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896-97 (Pa. 2006). It is the facts alleged in the underlying complaint, not the cause of action pled, that will determine if there is coverage. *Donegal Mut. Ins. Co. v. Baumhammers,* 893 A.2d 797, 811 (Pa. Super. Ct. 2006), *aff'd in part and rev'd in part on other grounds*, 938 A.2d 286 (Pa. 2007).

Sylvan and Americare argue the complaint alleges recklessness because the complaint states LaGrotta's actions were "unprivileged, improper, and reckless." We disagree. Those allegations are legal conclusions, and when determining whether an insurance policy applies, we look to the factual allegations. *See Mut. Benefit Ins. Co. v.*

6

*Haver*, 725 A.2d 743, 745 (Pa. 1999). We agree with the trial court that the facts allege an intent to harm, not recklessness. The complaint states, *inter alia*, that LaGrotta acted "with the intent to convince [the County and the Department of Health] to withdraw their approval of the prospective sale," and "with intent to cause or induce the County to not sell Hill View to Sylvan." The County's decision not to sell Hill View to Sylvan was "the intended result" of LaGrotta's actions. Accordingly, the court correctly concluded the exclusion applies and that State Auto is not required to defend or indemnify LaGrotta in the state court action.[5]

IV.

For the foregoing reasons, we will affirm the entry of judgment in State Auto's favor.

---

[5] Based on our conclusion, we need not reach the issue of whether an "occurrence" is required to trigger coverage for personal and advertising injury.